UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL WILLIAMS,

    Plaintiff,

v.

ROBERT KINNEY,

    Defendant.
_____/

Case No. 16-cv-12330

UNITED STATES DISTRICT COURT JUDGE
    GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
    STEPHANIE DAWKINS DAVIS

**ORDER SUMMARILY DISMISSING THE COMPLAINT**

**I. INTRODUCTION**

Emanuel Williams ("Plaintiff") filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 on June 22, 2016. Plaintiff is a state prisoner at the Handlon Correctional Facility in Ionia, Michigan. Defendant Robert Kinney ("Defendant") is a Detroit attorney who represented Plaintiff during criminal proceedings against Plaintiff. The Complaint alleges that, in 2005, Plaintiff was convicted of felony murder and carjacking following a jury trial and given a "blended" sentence. He was sent to the Maxey Boys Training School, but released from there on bond. His bond subsequently was revoked, and he was sent to the county jail. He was released from jail on juvenile probation, but his probation was revoked in 2011

when he violated curfew. He was then sentenced to prison for fifteen to thirty years.

Plaintiff claims that he was not given written notice of the claimed violations of probation before he was arrested and sentenced as an adult. Plaintiff also claims that Defendant provided ineffective assistance when Defendant failed to (a) investigate the facts, (b) question witnesses about the curfew violations, and (c) object at the revocation hearing or sentencing to the lack of written notice of the claimed violations of probation. Plaintiff seeks money damages and release from custody.

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen a prisoner's complaint and dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on

the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted because it challenges the criminal proceedings leading to the revocation of Plaintiff's probation, his subsequent sentence of fifteen to thirty years in prison, and his present incarceration. The sole federal remedy for a state prisoner's challenge to the very fact or duration of physical imprisonment is a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And, as explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

> state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that his sentence was invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of Plaintiff's sentence and imprisonment. Therefore, Plaintiff's claims are not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

Furthermore, a prisoner must prove two elements to prevail on a claim under 42 U.S.C. § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). Regardless of whether Defendant was compensated by the State or retained by Plaintiff, he did not act under color of law when performing the

traditional function of counsel to Plaintiff in a criminal proceeding. *See Floyd v. County of Kent*, 454 F. App'x, 493, 497 (6th Cir. 2012) (citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981)). Consequently, Plaintiff has failed prove the second element of a civil rights action, namely, that Defendant acted under color of law.

## IV. CONCLUSION

Plaintiff's complaint is frivolous because it lacks an arguable basis in law, and it fails to state a plausible claim for which relief may be granted. The Court therefore dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

IT IS SO ORDERED.


Dated: August 5, 2016                     s/Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on **August 5, 2016.**

                        s/Shawna Burns on behalf of Tanya R. Bankston
                        TANYA R. BANKSTON
                        Case Manager & Deputy Clerk